UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

YAW MARFO,

    Petitioner,

v.                                        CASE NO. 6:11-cv-1641-Orl-28DAB
                                                 (6:10-cr-20-Orl-28DAB)
                                                 (6:10-cr-85-Orl-28KRS)

UNITED STATES OF AMERICA,

    Respondent.
_____

## ORDER

This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) filed by Yaw Marfo. The Government filed an amended response (Doc. No. 12) to the section 2255 motion in compliance with this Court's instructions. Petitioner filed a reply to the amended response (Doc. No. 14).

Petitioner alleges one claim for relief, counsel rendered ineffective assistance by failing to "argue for an accurate measure of the net economic deprivation of Petitioner's action." (Doc. No. 1 at 4.) For the following reasons, Petitioner's § 2255 motion is denied.

I.    *Procedural History*

Petitioner along with others was charged by superceding indictment with conspiring to commit bank fraud and to utter a forged security (count one) and conspiracy to commit tax fraud (count six) (Criminal Case No. 6:10-cr-20-Orl-28DAB, Doc. No. 34).[1] Pursuant to a plea agreement, Petitioner entered a plea of guilty to counts one and six

---

[1] Criminal Case No. 6:10-cr-20-Orl-28DAB will be referred to as "Criminal Case."

before Magistrate Judge Karla R. Spaulding. *Id.* at Doc. No. 133. Magistrate Judge Spaulding filed a Report and Recommendation, recommending that the plea be accepted and that Petitioner be adjudicated guilty. *Id.* at Doc. No. 137. This Court accepted the plea and adjudicated Petitioner guilty. *Id.* at Doc. No. 145. The Court sentenced Petitioner to concurrent forty-one month terms of imprisonment. *Id.* at Doc. No. 175. Petitioner appealed his sentences, and the Eleventh Circuit Court of Appeals affirmed. *Id.* at Doc. No. 190.

## II.  *Legal Standard*

The Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense. *Id.* at 687-88. The prejudice requirement of the *Strickland* inquiry is modified when the claim is a challenge to a guilty plea based on ineffective assistance. *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). To satisfy the prejudice requirement in such claims, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's

challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

### III. Analysis

Petitioner asserts that counsel rendered ineffective assistance by failing to "argue for an accurate measure of the net economic deprivation of Petitioner's action." In support of his claim, Petitioner argues that the Court erroneously found him to be responsible for a loss of $510.532.32 instead of $90,000, which resulted in his offense level being increased fourteen levels. Petitioner maintains that he did not have knowledge of the overall size and scope of the fraud and thus should not have been held responsible for the conduct of his co-defendants.

3

Pursuant to U.S.S.G. § 2B1.1(b)(1), a defendant is responsible for the "greater of actual loss or intended loss." U.S.S.G. § 2B1.1, cmt. n.3(A). Intended loss means "the pecuniary harm that was intended to result from the offense; and . . . includes intended pecuniary harm that would have been impossible or unlikely to occur. . . ." *Id.* at cmt. n.3(A)(ii). In a jointly undertaken criminal activity, a defendant is responsible for his own conduct and the conduct of others that was "in furtherance of the jointly undertaken criminal activity; and . . . reasonably foreseeable in connection with that criminal activity." U.S.S.G. § 1B1.3(a)(1)(B) cmt. n.2(A). "In calculating the amount of loss, the district court 'need only make a reasonable estimate of the loss.'" *United States v. Grant*, 431 F.3d 760, 762 (11th Cir. 2005) (quoting U.S.S.G. § 2B1.1 cmt. n.2(C)).

Contrary to Petitioner's contention in his § 2255 motion, Petitioner was aware of the overall size and scope of the fraud. *See* Criminal Case Doc. 133 at 15-22; Criminal Case Doc. No. 182 at 46. Pursuant to the plea agreement entered into by Petitioner, he admitted that he deposited fraudulent checks totaling $209,673. *Id.* at 17. Further, the factual basis of the plea agreement provided that Petitioner was present at a meeting with his co-defendants on February 18, 2005, at which time one of the co-conspirators carried a briefcase containing multiple stolen credit card convenience checks. *Id.* at 18. The plea agreement indicated that Petitioner and his co-conspirators provided a confidential informant with approximately 150 identifications, including names, social security numbers, birth dates, addresses, and taxpayer identification numbers, and instructed the confidential informant to use the information to prepare false tax returns for refunds. *Id.*

at 19; Criminal Case Doc. No. 182 at 28-30. Moreover, Petitioner provided the address of the apartment he rented to use as the address to be used on the false tax returns. *Id.* One of Petitioner's co-conspirators indicated that they expected to receive tax refunds of approximately $2,500 for each tax return filed. *Id.* at 20. Thus, the intended loss reasonably foreseeable from the conspiracy and accountable to Petitioner was more than $500,000. Counsel, therefore, was not deficient for failing to object to the amount of the financial loss nor was Petitioner prejudiced by counsel's failure to do so. Accordingly, Petitioner's claim is denied pursuant to *Strickland*.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Petitioner's motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **DENIED**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. The Clerk of the Court is directed to file a copy of this Order in criminal case numbers 6:10-cr-20-Orl-28DAB and 6:10-cr-85-Orl-28KRS and to terminate the motions to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (respectively Criminal Case Doc. No. 193; Criminal Case Doc. No. 48) pending in those cases.

4. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28

U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right.[2] Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Orlando, Florida, this 21 day of December, 2012.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-1 12/21
Yaw Marfo
Counsel of Record

---

[2]Pursuant to the *Rules Governing Section 2255 Proceedings for the United States District Court*, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2255 Proceedings, Rule 11, 28 U.S.C. foll. § 2255.